IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANNETTE REYES-KENDRICK, | : |
| | : |
| Plaintiff, | : |
| | :   Civil Action No. |
| v. | : _____ |
| | : |
| HEALTH & STYLE INSTITUTE, | : |
| | :   <u>JURY TRIAL DEMANDED</u> |
| | : |
| Defendant. | : |

## COMPLAINT

**COMES NOW,** Annette-Reyes Kendrick, Plaintiff in the above styled matter, and file this Complaint, and as grounds for said Complaint respectfully show this honorable Court as follows:

## INTRODUCTION

1.

This action is brought pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. §§1681-1688 ("Title IX") and arises from the gross negligence and reckless indifference exhibited by Defendant Health & Style Institute ("HSI") in expelling a student who complained of a concern of inappropriate physical interaction from HSI's School Director.

## JURISDICTION AND VENUE

2.

Jurisdiction of this Court is pursuant to 28 United States Code § 1331; 28 United States Code § 1343.

3.

Venue in this action is proper under Title 28 United States Code §1392, since the Defendant resides in this district and division, and the claims arose in this district and division.

## THE PARTIES

4.

At all times relevant to the Complaint the Plaintiff was a citizen of the United States and a resident of this district and division.

5.

Defendant HSI is a private cosmetology school operating an education program or activity receiving federal financial assistance. It may be served with a copy of the Summons and Complaint by personally serving Josh Taves, Chief Executive Officer, 605 Ernest W. Barrett Parkway, Kennesaw, Georgia, 30144.

## JURY TRIAL DEMAND

6.

Plaintiff demands a trial by jury on each of the causes of action pleaded herein.

## FACTUAL BACKGROUND

7.

Plaintiff was a cosmetology student at HSI beginning in September 2015, applying for a federally funded loan to attend classes, and paying some funds out of pocket to cover her tuition costs.

8.

While she was a student at HSI, Plaintiff interacted on a regular basis with the school's Director, Richard "Chip" Hinton.

9.

During her attendance, Plaintiff observed Mr. Hinton interacting with numerous female students in a manner that she believed to be inappropriate, wherein Mr. Hinton hugged female students excessively, or seemed to engage in physical contact with students where such contact was unwarranted and unreciprocated. Mr. Hinton also hugged Ms. Kendrick in a manner which made her feel uncomfortable and which she felt was sexually suggestive.

10.

Throughout Plaintiff's enrollment with HSI, Plaintiff maintained an overall grade point average of 99.13% and maintained a 101.07% attendance rate due to her working extra hours beyond those that were required.

11.

On January 23, 2016, Plaintiff and Mr. Hinton were involved in a series of text messages due to Plaintiff's belief that HSI should be closed due to weather. This interaction was elevated to the attention of HSI's CEO, Josh Taves.

12.

Mr. Hinton demanded a face-to-face to discuss this matter, and Plaintiff demurred stating that she did not want to meet with Mr. Hinton alone and asked that Josh Taves be in the meeting.

13.

Though Plaintiff did not initially tell Mr. Taves why she did not want to meet alone with Mr. Hinton, she ultimately told Mr. Taves that she believed that Mr. Hinton's behavior was inappropriate and sexually harassing behavior and as

4

such did not want to meet alone with Mr. Hinton, but would agree to meet with Mr. Hinton if Mr. Taves was present. Plaintiff provided Mr. Taves with all of this information on January 23, 2016 via e-mail exchanges.

14.

Once the Plaintiff indicated that she was uncomfortable with Mr. Hinton's behavior due to the fact that it was sexual in nature, Mr. Taves became argumentative with Plaintiff and told her she was "trying to make this into something it is not" and that she was "just making things worse for (her)self."

15.

On January 27, 2016, Mr. Taves scheduled a meeting with Plaintiff. Prior to Plaintiff providing him any information, Mr. Taves asked if Plaintiff was going to withdraw from school.

16.

When Plaintiff indicated that she was not going to withdraw from school, Mr. Taves told Plaintiff she needed to show more respect and then began to discuss the allegations Plaintiff had made related to Mr. Hinton.

17.

During the January 27, 2016 meeting, Mr. Taves further asked if Plaintiff was an "advocate" on behalf of other students and told her that she had made a "serious accusation."

18.

At the conclusion of the January 27, 2016, meeting, Mr. Taves expelled Plaintiff from HSI. Mr. Taves refused to provide Plaintiff with a reason for her expulsion.

19.

Upon information and belief, Plaintiff's expulsion was due to her complaints that she believed that HSI's Director was engaging in sexually inappropriate contact with HSI students.

20.

Following Plaintiff's expulsion, HSI provided other cosmetology schools with transcripts stating that Plaintiff was expelled, preventing her from being able to attend any other cosmetology programs.

21.

Upon Plaintiff's unwarranted expulsion, HSI also demanded immediate payment of $10,835.90 which it claimed was due because Plaintiff did not complete her educational program.

22.

Despite the fact that Plaintiff completed 492 of the 1500 hours needed to obtain her certification, Defendant's actions have resulted in Plaintiff being unable to receive any credit for the work she completed towards her certificate.

23.

Defendant's actions after Plaintiff's expulsion further demonstrate retaliation against Plaintiff due to her complaints of sexually inappropriate physical contact by HSI's director.

## COUNT I

### RETALIATION UNDER TITLE IX OF THE EDUCATION AMENDMENTS OF 1972

24.

The foregoing paragraphs are incorporated herein by this reference.

25.

Title IX prohibits an educational institution from retaliating against an

individual or individual(s) because they have complained about sex discrimination under Title IX. *See* Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 173, 125 S. Ct. 1497, 1504, 161 L. Ed. 2d 361 (2005).

26.

HSI retaliated against Plaintiff for engaging in protected activities, namely, for raising awareness of inappropriate sexual conduct and sexual harassment against female HSI students.

27.

HSI intimidated, threatened, terminated, and prevented educational opportunities for Plaintiff on account of her having exercised her rights under Title IX.

28.

Plaintiff is entitled to recover from HSI all damages proximately resulting from their acts of retaliation, actual and compensatory damages.

## COUNT II

## **PUNITIVE DAMAGES**

29.

HSI's actions showed willful misconduct, malice, fraud, wantonness, oppression, or the entire want of care, which would raise the presumption of

conscious indifference to consequence. Therefore, Plaintiff is entitled to punitive damages.

30.

HSI, by and through its agents and employees, acted with specific intent to cause harm to Plaintiff. Therefore, the amount of punitive damages is to be determined by the enlightened conscience of the jury.

**WHEREFORE**, Plaintiff respectfully request the following relief:

(a)   That the Court declare that Defendant's actions, policies, and practices complained of herein violated Plaintiff's rights under Title IX of the Education Amendments of 1972;

(b)   That Defendant be permanently enjoined from violating the rights of Plaintiff and others under Title IX of the Education Amendments of 1972;

(c)   That special damages be awarded to compensate Plaintiffs for economic injuries as a consequence of Defendant's violations of their rights in an amount to be determined by the enlightened conscience of the jury;

(d)   That compensatory damages be awarded against Defendant to compensate Plaintiffs for their pain and suffering, mental and emotional distress, anxiety, humiliation, outrage, and loss of professional and personal reputation as

a consequence of Defendant's actions in an amount to be determined by the enlightened conscience of the jury;

(e) That punitive damages be awarded against Defendant in an amount to be determined by the enlightened conscience of the jury to deter Defendant and others from similar misconduct in the future;

(f) That a trial by jury be had on all issues wherein a jury trial is permitted under law;

(g) That attorneys' fees and expenses of litigation be awarded;

(h) That prejudgment and post-judgment interest be awarded; and,

(i) That the Court award such other equitable or monetary relief as deemed just and proper.

Respectfully submitted, this July 14, 2016.

/s/ Marcus G. Keegan
Marcus G. Keegan
Georgia Bar No. 410424
Keegan Law Firm, LLC
2987 Clairmont Road NE, Suite 225
Atlanta, Georgia 30329
(404) 842-0333 (telephone)
(404) 920-8540 (facsimile)
mkeegan@keeganfirm.com